NATHANIEL J. SCOTT, Appellee, *vs.* JOSEPH D. LUMAGHI, ,Appellant.

*Announced orally June 5, 1908.*

ABSTRACTS OF RECORD—*how index to abstract of record should be arranged.* In preparing the index for an abstract of record the parts of the record and the documents and other similar matter should be separated from the names of the witnesses and indexed separately and alphabetically under some name by which they may be readily identified; then the names of the plaintiff's witnesses should be grouped together and arranged alphabetically, and the same arrangement be made as to the defendant's witnesses.

Mr. JUSTICE SCOTT announced the opinion of the court:

This is a motion by appellee to strike from the files the abstract filed by appellant and to affirm the judgment, because the abstract does not contain an index alphabetically arranged. Suggestions in opposition to this motion have been filed and considered.

The rules require that the abstract should contain a complete index, alphabetically arranged, giving the page of the abstract where each paper, document or part of the record can be found, and the page of the examination, cross-examination and re-direct examination of each witness. This

abstract contains over fifty pages, and the index, which covers three pages, is complete but it is not alphabetically arranged. The first thing appearing in the index is a document which appears on page 1 of the abstract, and the index is then so arranged as that the pages of the abstract appear in the index in their numerical order, and the names of witnesses are intermingled with the designations of various papers, orders and parts of the record found in the abstract. An index prepared according to the rules is a material aid to us in the examination of the abstract, but when prepared as this is, it lessens our labors but little. It is practically as easy to find the particular portion of the record wanted by running through the pages of the abstract as by scanning this index.

The index here, in addition to showing the pages of the abstract, also contains reference to the pages of the transcript, which is unnecessary. All that is necessary in that regard is that the pages of the abstract should be shown.

In preparing the index, the parts of the record and the papers and other similar matter should be separated from the names of the witnesses and indexed separately and alphabetically, and such documents should be referred to in the index by some name by which they may be readily identified. For example, if a deed from the plaintiff to the defendant is offered in evidence and marked "Exhibit 1" it should not be indexed under "E" as "Exhibit 1," but should be indexed under "D" as "Deed from plaintiff to defendant." Then the names of the witnesses for the plaintiff should be grouped together and placed in alphabetical order, and the same arrangement should be made in reference to the names of the witnesses for the defendant.

This motion will be denied, but the appellant will be ruled to amend the abstract on file by removing therefrom the index now found therein and substituting an index alphabetically arranged, within five days.

*Appellant ruled to re-index abstract.*